JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Anthony Allegrini Sr., and Jennifer Allegrini, et. al. (see addendum)

## DEFENDANTS

State Trooper Robert Sobeck Jr. et. al. (see addendum)

**(b)** County of Residence of First Listed Plaintiff  **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Oxman, Oxman Goodstadt Kuritz, P.C., 1518 Walnut Street, Suite 1010, Phila. PA. 19102;

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1983 of the Federal Civil Rights Act

Brief description of cause:
Excessive Force, Deliberate Indifference to Medical Need, False Detention and Arrest, Assault and Battery, Wrongful Death, IIED

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  50,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
March 15, 2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____2 Concord Creek Road, Glen Mills, PA. 19342_____

Address of Defendant: _____Troop K 2201 Belmont Avenue, Philadelphia, PA. 19131_____

Place of Accident, Incident or Transaction: _____I-95 South at Chestnut Street, Philadelphia, PA._____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/15/2024 _____     _____*(signature)*_____     207956
                                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Joseph S. Oxman, Esquire_____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 03/15/2024 _____     _____*(signature)*_____     207956
                                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## Addendum

**<u>Plaintiffs</u>**

Anthony Allegrini Sr.
Jennifer Allegrini
As Executors of the Estate of Anthony Allegrini Jr.
2 Concord Creek Road, Glen Mills, PA. 19342

Giovanni Patete
1026 Lincoln Avenue, Apt. B
Prospect Park, PA. 19176

Vincent Tribuiani
1619 Evans Avenue
Prospect Park, PA. 19076

William Soper
9 Love Lane
Norwood, PA. 19074

OXMAN GOODSTADT KURITZ P.C.
BY:  **JOSEPH OXMAN, ESQUIRE**
1518 Walnut Street, Suite 1010
Philadelphia, PA. 19102
215-665-9999
oxmanj@ogklawyers.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY SR. & JENNIFER ALLEGRINI as the administrators of the estate of ANTHONY ALLEGRINI JR.** 2 Concord Creek Road Glen Mills, PA. 19342 | **CIVIL ACTION NO.** |
| **GIOVANNI PATETE** 1026 Lincoln Avenue, Apt. B Prospect Park, PA. 19176 | **District Judge** |
| **VINCENT TRIBUIANI** 1619 Evans Avenue Prospect Park, PA. 19076 | **COMPLAINT FOR VIOLATIONS OF THE 4TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, EXCESSIVE FORCE, ASSAULT, BATTERY, FALSE ARREST, FALSE DETENTION, WRONGFUL DEATH ACTION, SURVIVAL ACTION, DELIBERATE INDIFFERENCE IN FAILING TO PROVIDE MEDICAL ATTENTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| **WILLIAM SOPER** 9 Love Lane Norwood, PA. 19074 | |
| Plaintiffs, vs. | |
| **PENNSYLVANIA STATE TROOPER ROBERT SOBECK, JR. & UNKNOWN PENNSYLVANIA STATE TROOPERS** Troop K 2201 Belmont Avenue Philadelphia, PA 19131 | |
| **UNKNOWN PHILADELPHIA POLICE OFFICERS** 400 N. Broad St. Philadelphia, PA 19103 Defendants. | |

Plaintiffs, Anthony Allegrini Sr. and Jennifer Allegrini, as Administrators of the Estate of Anthony Allegrini Jr, Giovanni Patete, Vincent Tribuiani and William Soper, by way of Complaint against defendants say:

## PARTIES

1.  Decedent Anthony Allegrini Jr., was at all times relevant to this complaint a resident of Glen Mills, Pennsylvania. He was shot and killed by defendant State Trooper Robert Jr. at the age of 18 on June 4, 2023. (hereinafter referred to as "Allegrini")

2.  Plaintiffs Anthony Sr. and Jennifer Allegrini are the parents of decedent Anthony Allegrini Jr., and were appointed as the Administrators of the Estate of Anthony Allegrini Jr. by the County of Delaware Register of Wills on September 21, 2023. The Allegrini's bring this action in their capacity as the Administrators of the Estate and for the benefit of Anthony Allegrini Jr's heirs. (hereinafter referred to as "Parents")

3.  Plaintiff Giovanni Patete has at all times relevant to this complaint been a resident of Prospect Park, Pennsylvania. (hereinafter referred to as "Patete")

4.  Plaintiff Vincent Tribuiani has at all times relevant to this complaint been a resident of Prospect Park, Pennsylvania. (hereinafter referred to as "Tribuiani")

5.  Plaintiff William Soper has at all times relevant to this complaint been a resident of Norwood, Pennsylvania. (hereinafter referred to as "Soper")

6.  Defendants, Unknown Philadelphia Police Officers, were at all times relevant employees of the City of Philadelphia. At all times herein mentioned, defendants Unknown Philadelphia Police Officers, were acting under the color of law and their individual capacity as police officers of The City of Philadelphia. (hereinafter referred to as "Police Officers")

7. Defendant, Pennsylvania State Trooper Robert Sobeck Jr. was at all times relevant an employee of the State of Pennsylvania. At all times herein mentioned, defendant Pennsylvania State Trooper Robert Sobeck Jr. was acting under the color of law and his individual capacity as a State Trooper for The State of Pennsylvania. (hereinafter referred to as "Sobeck")

8. Defendants, Unknown Pennsylvania State Troopers, were at all times relevant employees of the State of Pennsylvania. At all times herein mentioned, defendants Unknown Pennsylvania State Troopers, were acting under the color of law and their individual capacity as State Troopers for The State of Pennsylvania. (hereinafter referred to as "State Troopers")

## JURISDICTION AND VENUE

9. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983.

10. Plaintiffs Tribuiani and Soper, were deprived of their rights secured to them under the Constitution and the laws of the United States including, but not limited to, their right to be secure in their person and property and be free from unlawful arrests, and seizures when no probable cause exists.

11. Plaintiffs Tribuiani and Soper, was falsely detained and arrested without probable cause and any legal justification.

12. Plaintiff Allegrini suffered excessive force, assault and sustained the severe and permanent injury of death when he was shot and killed by defendant Sobeck. Additionally Allegrini was deliberately denied necessary medical care.

13. The Court has supplemental jurisdiction under, 28 U.S.C § 1367 over plaintiffs Parents, Allegrini, Tribuiani, Soper and Patete's claims arising under State law, including but not limited to violations of their state rights against defendants for, excessive force, assault, battery, wrongful death and survival and intentional infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

14. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

15. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

16. On or about June 4, 2023, at approximately 3:30am on I-95 South at Chestnut Street, Philadelphia, Pennsylvania, Allegrini was operating his vehicle with Patete, Tribuiani and Soper riding as passengers when Allegrini pulled his vehicle onto the left shoulder of the road to watch vehicles in the Northbound lanes of I-95 perform "tricks" with their vehicles.

17. When Allegrini pulled his car over to the shoulder of I-95 South, several other vehicles were already parked on the left side shoulder to also watch the Northbound I-95 vehicles perform their "tricks."

18. After Allegrini pulled his vehicle on the shoulder, Allegrini, Patete, Tribuiani and Soper exited their vehicle and watched the Northbound I-95 cars perform the car "tricks."

19. After several minutes of watching the cars. plaintiffs proceeded to walk back to their vehicle to leave the area.

20. As plaintiffs got into their vehicle, defendant Sobeck pulled his State Trooper vehicle in front of the Allegrini's vehicle and exited his vehicle.

21. Seconds later, additional State Troopers and Police Officers pulled their vehicles to the area and also exited their vehicles.

22. At no time were any of the plaintiffs armed with any weapons.

23. Within seconds of stopping his State Trooper vehicle, Sobeck, without any probable cause, withdraw his weapon, climbed on top of the front end of Allegrini's vehicle and then fired a single shot from his weapon directly through the front windshield striking Allegrini in the chest while he was sitting in the driver's seat of his vehicle.

24. After shooting Allegrini, Sobeck brandished his weapon and shouted at Allegrini, Patete, Tribuiani and Soper to "get the fuck out" of the vehicle.

25. When Patete, Tribuiani and Soper emerged from their vehicle, fearing for their physical safety, Sobeck ordered them to "get the fuck on the ground" which they did.

26. Allegrini, while suffering a gunshot wound to his chest and bleeding profusely, also attempted to follow Sobeck's order to "get the fuck out" of the vehicle, but as he opened his door he collapsed to the ground.

27. At no time did defendants Sobeck, State Troopers or Police Officers render any medical assistance to Allegrini as he was visibly bleeding profusely on the ground.

28. Allegrini, while on the ground bleeding from a lethal gun shot, shouted numerous times directly to Sobeck, State Troopers and Police Officers for "help" but none of the defendants responded by providing necessary medical assistance.

29. After remaining on the ground for several minutes, Patete, Soper and Tribuiani were ordered to sit on the side of the road.

30. Shortly thereafter, Patete walked away from the scene.

31. Sudsequently, Soper and Tribuiani were handcuffed by Sobeck and State Troopers.

32. During this time, Sobeck continued to have his gun drawn and pointed, threating to shoot his weapon at other people who had also pulled over to watch the Northbound I-95 vehicles.

33. While Tribuiani and Soper were handcuffed on the side of the road, they observed Allegrini bleeding to death and screaming for help.

34. Tribuiani and Soper pleaded for Sobeck, State Troopers and Police Officers to help Allegrini.

35. Sobeck, State Troopers and Police Officers knew that Philadelphia Fire Department Medics arrived on the scene to help Allegrini, but defendants prevented said Medics from getting to Allegrini by purposely holding back Fire Department personnel from the scene for a significant time period after Allegrini was initially shot by Sobeck.

36. As a result of preventing Fire Department Medics from treating Allegrini, Sobeck, State Troopers and police officers deliberately allowed Allegrini to bleed to death.

37. After illegally handcuffing plaintiffs Tribuiani and Soper without warning or justification, State Troopers took Tribuiani and Soper to the Troop K State Police Barracks where they were questioned and remained for multiple hours until released.

38. When Philadelphia Fire Department Medics were finally allowed to treat Allegrini, they found that he was "dead at the scene."

## COUNT I
## PLAINTIFFS ANTHONY ALLEGRINI Sr., JENNIFER ALLEGRINI, VINCENT TRIBRUIANI and WILLIAM SOPER  vs. STATE TROOPER ROBERT SOBECK JR. and UNKNOWN STATE TROOPERS
## THE RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS UNDER THE 4th AMENDMENT OF THE UNITED STATES CONSTITUTION
## EXCESSIVE FORCE, FALSE DETENTION and FALSE ARREST UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT

39. The allegations contained above are incorporated herein as though fully set forth.

40. The above described actions of defendants Sobeck and State Troopers on June 4, 2023, constitute violations of plaintiffs' constitutionally protected right to be secure in their person as provided by the 4th Amendment of the United States Constitution.

41. The arrest and detention of plaintiffs Tribuiani and Soper, by defendant Sobeck and Unknown State Troopers was carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal false arrest of Tribuiani and Soper.

42. The killing of Allegrini by Sobeck and the deliberate denial of necessary medical assistance, by Sobeck, State Troopers and Police Officers was carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal excessive force killing and denial of necessary medical assistance of Allegrini.

43. The illegal arrest and detention of Tribuiani and Soper by Sobeck and State Troopers and the killing of Allegrini by Sobeck violated plaintiff's rights under the United States Constitution and the Laws of the State of Pennsylvania.

44. The actions of defendants Sobeck and State Troopers were committed under color of law and authority of The State of Pennsylvania and its police department, and while acting in their individual capacity as State Troopers.

45. The actions or inactions of the defendants Sobeck and State Troopers recklessly disregarded and therefore deprived plaintiffs of their rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983, including but not limited to the right to be secure in their person, to be free from unlawful seizures, arrests and excessive use of force.

**COUNT II**
**PLAINTIFFS ANTHONY ALLEGRINI Sr. and JENNIFER ALLEGRINI vs. STATE TROOPER ROBERT SOBECK JR.**
**ASSAULT AND BATTERY**

46. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

47. The above described illegal killing of Allegrini constitutes assault and battery by defendants Sobeck as a result of which Allegrini was killed and sustained severe and significant emotional distress by watching himself being shot, killed and bleeding to death.

**COUNT III**
**PLAINTIFFS VINCENT TRIBRUIANI and WILLIAM SOPER vs. STATE TROOPER ROBERT SOBECK JR. and UNKNOWN STATE TROOPERS**
**ASSAULT AND BATTERY**

48. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

49. The above described illegal detention and arrest of Tribuiani and Soper constitutes assault and battery by defendants Sobeck and State Troopers, as a result of which Tribuiani and Soper were physically injured as well as sustaining severe and significant emotional distress by watching their friend being shot and killed within inches before them.

### COUNT IV
### PLAINTIFFS ANTHONY ALLEGRINI Sr. and JENNIFER ALLEGRINI vs. STATE
### TROOPER ROBERT SOBECK JR.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The allegations contained above are incorporated herein as though fully set forth.

51. The above described illegal killing of Allegrini constitutes an assault and battery by defendant Sobeck, as a result of which plaintiff Allegrini was shot and bleeding to death in which he sustained severe and significant emotional distress while he was being left to die.

### COUNT V
### PLAINTIFFS GIOVANNI PATETE, VINCENT TRIBRUIANI and WILLIAM SOPER
### vs. STATE TROOPER ROBERT SOBECK JR. and UNKNOWN STATE TROOPERS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. The allegations contained above are incorporated herein as though fully set forth.

53. The above described illegal detention and arrest of Tribuiani and Soper by State Troopers and the killing of Allegrini by Sobeck constitutes assault and battery by defendants.

54. Patete, Tribuiani and Soper were additionally in fear of death as defendant Sobeck recklessly discharged his weapon at Allegrini within inches of Patete, Tribuiani and Soper as a result of which Patete, Tribuiani and Soper sustained severe and significant emotional distress including but not limited to loss of sleep, loss of appetite, depression, inability to perform daily activities of work and life.

### COUNT VI
### PLAINTIFFS ANTHONY ALLEGRINI Sr. and JENNIFER ALLEGRINI vs. STATE
### TROOPER ROBERT SOBECK JR., UNKNOWN STATE TROOPERS and UNKNOWN
### PHILADELPHIA POLICE OFFICERS
### DENIAL OF MEDICAL ATTENTION

55. The allegations contained above are incorporated herein as though fully set forth.

56. The above described denial of medical attention as a result of which, left plaintiff Allegrini shot and bleeding to death for over an hour while Philadelphia Fire Department Medics were prevented from medically attending to Allegrini, constitute violations by defendants Sobeck, State Troopers and Police Officers to deliberately be indifferent to the Allegrini's, constitutionally protected right against the denial of medical attention.

**COUNT VII**
**PLAINTIFFS ANTHONY ALLEGRINI Sr. and JENNIFER ALLEGRINI vs. ROBERT SOBECK JR., UNKNOWN STATE TROOPERS and UNKNOWN PHILADELPHIA POLICE OFFICERS**
**SURVIVAL ACTIONS**

57. All of the foregoing paragraphs are incorporated by reference as though fully set forth at length herein.

58. Plaintiffs bring this action on behalf of the Estate of Anthony Allegrini Jr., deceased, under and by virtue of the Pennsylvania Survival Act, 42 Pa. C.S.A. Section 8302 (hereinafter "Survival Act") seeking to recover all damages encompassed by the aforementioned Survival Act. 36 and caused by the previously described conduct of Sobeck, State Troopers and Police Officers.

59. As a result of the conduct of Sobeck, State Troopers and Police officers, Allegrini, suffered injuries causing untold physical pain and mental suffering and thereafter expired as a direct result of his being shot.

60. As a result of the deliberately indifferent denial of medical assistance by Sobeck, State Troopers and Police officers, Allegrini suffered injuries causing untold physical pain and mental suffering and thereafter expired as a direct result of his being shot and being deprived of timely medical assistance which may have saved his life.

61. As a result of the injuries and ultimate death of Allegrini, he was unable to attend to his usual duties and occupations all to the great financial detriment and loss of the Estate.

62. As a result of the death of Allegrini, his Estate has been deprived of the economic value of the decedent attending to his usual duties and occupations during the period of his life expectancy subsequent to his death and plaintiff seeks damages for the losses sustained by the Estate as a result of decedent's demise.

63. Plaintiffs claim all damages which the Estate is entitled to under and by virtue of the aforesaid Survival Act.

### COUNT VIII
### PLAINTIFFS ANTHONY ALLEGRINI Sr. and JENNIFER ALLEGRINI vs. ROBERT SOBECK JR., UNKNOWN STATE TROOPERS and UKNOWN PHILADELPHIA POLICE OFFICERS
### WRONGFUL DEATH

64. All of the foregoing paragraphs are incorporated by reference as though fully set forth at length herein.

65. Plaintiffs Anthony Allegrini Sr. and Jennifer Allegrini, are the duly appointed Administrators of the Estate of Anthony Allegrini Jr., by grant of Letters of Administration by the Register of Wills of the County of Delaware, Commonwealth of Pennsylvania, on September 21, 2023.

66. Plaintiffs bring this action by virtue of, inter alia, 42 Pa. C.S.A. § 8301, the Wrongful Death Act and claims all damages encompassed thereby.

67. By reason of the said shooting by defendant Sobeck, deliberate denial of medical assistance by State Troopers and Police Officers, and the subsequent death of Allegrini both economic and non-economic losses have been suffered for which the law permits recovery to the aforesaid survivors by virtue of the Wrongful Death Act.

68. Plaintiffs bring this action for the benefit of those persons entitled by law to recover damages for the wrongful death of plaintiff's decedent, Anthony Allegrini Jr.

69. Plaintiffs' decedent left surviving his at least the following persons entitled to recover damages for her wrongful death and on whose behalf this action is brought: his parents Anthony Allegrini Sr. and Jennifer Allegrini and his sister Jessica Allegrini.

70. Plaintiffs' decedent did not bring any action during his lifetime for any act or omission leading to his death, nor has any action other than this instant Civil Action been commenced for any act or omission leading to plaintiffs' decedent's death

71. Plaintiffs claim damages for the monetary and pecuniary loss occasioned by the death of plaintiffs' decedent as well as for reimbursement of funeral expenses, burial expenses, and expenses of Estate administration.

72. As a result of the death of Anthony Allegrini Jr., his survivors have been deprived of the value of decedent attending to his usual duties and occupations during the period of his life expectancy subsequent to his death and plaintiffs seek damages for the losses sustained by his survivors as a result of decedent's demise including, but not limited to, loss of earnings, maintenance, guidance, tutelage, support, comfort, companionship and society that they would have received from the deceased.

73. Plaintiff claims all damages for which the surviving intestate heirs are entitled to under and by virtue of the Wrongful Death Act.

**PLAINTIFFS ANTHONY ALLEGRINI Sr. and JENNIFER ALLEGRINI  vs. STATE TROOPER ROBERT SOBECK JR., UNKNOWN STATE TROOPERS and UNKNOWN PHILADELPHIA POLICE OFFICERS**
**DAMAGES**

74. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

75. As a direct and proximate result of the defendants' conduct, Plaintiff Allegrini suffered physical pain and suffering, severe mental anguish, death and was deprived of his Constitutional Rights as aforementioned, and was otherwise damaged.

**PLAINTIFFS GIOVANNI PATETE, VINCENT TRIBRUIANI and WILLIAM SOPER  vs. STATE TROOPER ROBERT SOBECK JR., UNKNOWN STATE TROOPERS and UNKNOWN PHILADELPHIA POLICE OFFICERS**
**DAMAGES**

76. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

77. As a direct and proximate result of the defendants' conduct, Plaintiffs suffered physical pain and suffering, severe mental anguish and were deprived of their Constitutional Rights as aforementioned, and were otherwise damaged.

**ATTORNEY FEES**

78. It was necessary for plaintiffs to hire the undersigned attorney to file this lawsuit. Upon judgment, plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

**PRAYER**

79. The above paragraphs are repeated and incorporate herein by reference as if set forth in full.

80. Plaintiffs demand judgment against defendants Sobeck, State Troopers and Police Officers individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of the suit in the amount of $50,000,000.00 (Fifty million dollars).

## PLAINTIFF'S DEMAND FOR JURY TRIAL

81. Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

JOSEPH OXMAN, ESQUIRE
Attorney for Plaintiffs

### <u>V E R I F I C A T I O N</u>

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

PLAINTIFF

## V E R I F I C A T I O N

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit.  The language of the document is that of counsel and not of the affiant.  To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief.  This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____

PLAINTIFF

**V E R I F I C A T I O N**

      The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit.  The language of the document is that of counsel and not of the affiant.  To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification.  All statements are founded upon reasonable belief.  This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

PLAINTIFF

## V E R I F I C A T I O N

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

PLAINTIFF